J-S51030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEROY W. DADE, | |
| Appellant | No. 2817 EDA 2016 |

Appeal from the PCRA Order August 4, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004631-2011

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 31, 2017**

Appellant, Leroy W. Dade, appeals *pro se* from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the procedural history of this case as follows. Appellant was charged with over twenty-six counts in relation to a home invasion and subsequent flight from police that occurred on June 15, 2011. On October 18, 2011, Appellant entered an open guilty plea to one count each of robbery, fleeing and eluding police, and aggravated assault.  On November 1, 2011, the Commonwealth filed a notice of intention to seek a mandatory minimum sentence.  Thereafter, on November 16, 2011,

_____

[*]  Former Justice specially assigned to the Superior Court.

Appellant filed a petition to withdraw his guilty plea. On December 14, 2011, the trial court granted Appellant's motion to withdraw the guilty plea.

Appellant proceeded to a jury trial, which commenced on May 14, 2012. After a jury was empaneled and the Commonwealth presented three witnesses, the jury was excused for the afternoon. Thereafter, Appellant entered a guilty plea to one count each of robbery, burglary, and aggravated assault.[1] Also on May 14, 2012, the trial court sentenced Appellant to serve an aggregate term of incarceration of twenty to forty years. Appellant did not file a direct appeal from the judgment of sentence.

Appellant filed his PCRA petition, *pro se*, on March 7, 2016. On March 17, 2016, the PCRA court appointed counsel to represent Appellant. On July 6, 2016, Appellant's PCRA attorney filed a motion to withdraw as counsel and an appropriate ***Turner/Finley*** document.[2] On July 7, 2016, the PCRA court entered an order granting appointed counsel permission to withdraw.

The PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 on July 11, 2016, and Appellant filed a *pro se* response on August 1, 2016. On August 4, 2016, the PCRA court filed an order dismissing Appellant's PCRA petition. This timely appeal

---

[1] 18 Pa.C.S. §§ 3701 (a)(1)(ii), 3502(a), and 2701(a)(1), respectively.

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I

DID THE PCRA COURT ERR WHEN IT DISMISSED APPELLANT'S PCRA RULING THAT APPELLANT DID NOT PLEAD AND PROVE A VALID EXCEPTION TO THE TIME BARR?

II

DID THE PCRA COURT ERR WHEN IT ACCEPTED PCRA COUNSEL'S NO MERIT LETTER SINCE IT DID NOT COMPORT TO THE DICTATES OF COMMONWEALTH v. FINLEY, 550 A.2d 213 (Pa. Super. 1988) and COMMONWEALTH V. TURNER, 544 A.2d 927 (Pa. 1988).

Appellant's Brief at 3 (verbatim).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We first address whether Appellant satisfied the timeliness requirement of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed

_____

[3] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

*(Footnote Continued Next Page)*

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on June 13, 2012, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely under the PCRA, Appellant was required to file the PCRA petition on or before June 13, 2013. Appellant did not file the PCRA petition until March 7, 2016. Accordingly, the instant PCRA petition is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his

_(Footnote Continued)_ ────────────

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to argue the timeliness exception under section 9545(b)(1)(ii),[4] with his assertion that he was somehow unaware that defense counsel filed a motion to withdraw his original guilty plea without Appellant's permission or knowledge. Appellant's Brief at 8. Appellant contends that he was unaware that defense counsel withdrew the guilty plea until February 1, 2016. Appellant alleges that he did not receive a copy of the motion to withdraw until he wrote to the clerk of courts on December 31, 2015, and received a copy of the motion to withdraw the guilty plea on February 1, 2016.

Our review of the record reflects that on October 18, 2011, Appellant entered an open guilty plea to the crimes of robbery, fleeing and eluding police, and aggravated assault. N.T., 10/18/11, at 12. Also on that date, Appellant completed a written guilty plea colloquy, which was accepted by

_____

[4] Regarding this exception, this Court has stated the following:

> In order to sustain an untimely PCRA petition under the after-discovered evidence exception, a petitioner must show that the evidence: (1) has been discovered after the trial and could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeachment purposes; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

***Commonwealth v. Johnson***, 841 A.2d 136, 140-141 (Pa. Super. 2003).

the trial court. *Id*. at 8, Guilty Plea Colloquy, 10/18/11, at 1-9 (docket entry 5). The trial court stated, "Upon the motion of the Commonwealth, the Court will defer the nolle-proseguing [sic] of all remaining counts at the time of sentencing." N.T., 10/18/11, at 12. In addition, the trial court ordered the completion of a presentence investigation report and a psychological evaluation to assist the court at the time of sentencing. *Id*. at 12-13. Subsequently, Appellant filed a petition to withdraw his guilty plea on November 16, 2011, which the trial court granted on December 14, 2011.

The record further reflects that Appellant proceeded to a jury trial on May 14, 2012, and Appellant was present at the time of jury selection. N.T., 5/14/12, at 30. After the Commonwealth presented testimony from three witnesses and the jury was excused until the following day, the trial court discussed with Appellant whether he would testify. *Id*. at 133-134. At that point, the trial court reminded Appellant that "this case began as an open plea, [and] was later withdrawn." *Id*. at 134. Thus, the allegedly new fact that his guilty plea had been withdrawn was known to Appellant as early as May 14, 2012, and belies Appellant's claim that he was not aware of that fact until February 1, 2016. Accordingly, the timeliness exception under section 9545(b)(1)(ii) does not provide relief from the late filing of the PCRA petition, and Appellant does not invoke any other exception.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked

jurisdiction to address the issues presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2017